

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2006

# USA v. Murtana

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3246

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Murtana" (2006). *2006 Decisions.* Paper 1368.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1368

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3246
_____

UNITED STATES OF AMERICA

v.

MIKE MURTANA,
a/k/a Mawafag Abedallah,
d/b/a Sfinx Express Transit

Mike Murtana,

Appellant

_____

On Petition for Review of an Order of
the Federal Motor Carrier Safety Administration
(Docket No. FMCSA-2003-15318)
_____

Submitted Under Third Circuit LAR 34.1(a)
March 7, 2006

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES
(Filed March 30, 2006)

_____

OPINION
_____

PER CURIAM

Mike Murtana petitions for review of the final agency order of the Federal Motor

Carrier Safety Administration ("FMCSA" or "the agency"), issued June 25, 2004.  At the

outset, we note that Murtana brought this petition by filing a standardized form used for filing a notice of appeal in the United States District Court for the District of New Jersey. The document, filed on July 23, 2004, indicated both the agency final order and the District Court docket number noted in the caption above. As a result, the petition for review initially was docketed as an appeal from the District Court matter, in which the District Court granted the United States's petition for an order to compel Murtana a/k/a Mawafag Abedallah and Sfinx Express Transit (Murtana's company) to comply with a subpoena in the underlying agency regulatory compliance investigation. However, in his letter to this Court, dated August 19, 2004, Murtana clarified his intent to file a petition for review of the agency's final order, pursuant to 49 C.F.R. § 386.67 of the FMCSA's regulations. Thus, we proceed on the petition for review, despite the caption's reference to the District Court proceedings.

The parties are familiar with the full procedural background, so we will recount it briefly and only as pertinent to the matter before us. At the agency level, after the District Court enforced the administrative subpoena, the FMCSA issued a Notice of Claim on May 2, 2003 regarding several regulatory violations: (1) one violation of 49 C.F.R. § 382.301(a) (using a driver before the motor carrier has received a negative pre-employment controlled substance test result); (2) one violation of 49 C.F.R. § 382.305 (failing to randomly test for controlled substances and/or alcohol); and (3) six violations of 49 C.F.R. § 390.29(b) (failing to make available for inspection records and documents upon request by a Special Agent of the FMCSA). The agency assessed a total civil

money penalty in the amount of $4,990. On May 10, 2003, Murtana filed a reply to the Notice of Claim. The agency filed a motion to dismiss the reply, arguing that the reply did not satisfy the governing regulatory requirements. On December 3, 2003, the Administrative Law Judge (ALJ) granted the motion to dismiss on the basis that Murtana had not responded to the motion. Murtana filed an objection, noting that he had been on vacation until after issuance of the ALJ's order. On January 14, 2004, the ALJ issued another order, finding that Murtana's pleadings failed to address the matters in the Notice of Claim, and that his general denial of charges was legally insufficient and constituted grounds for dismissal. Murtana requested review of the ALJ's decision. By order dated June 25, 2004, the FMCSA Assistant Administrator affirmed on the basis that a general denial does not satisfy the requirements for a reply, and that Murtana had defaulted. Thus, the agency ordered payment of the civil money penalty. Murtana's petition for review followed.

In his brief, Murtana states that he appeals "no order issued by the district court but I am appealing the final order issued by the FMCSA," Appellant's Br. at 1, and he attaches a copy of that decision. Yet most of his brief addresses issues concerning the administrative subpoena. In his reply brief, Murtana now asserts that he intends to appeal the District Court's order. The District Court's order requiring Murtana to comply with the subpoena was entered on March 5, 2003. Murtana argues that the time for filing an appeal of that order never began to run because he filed a post-judgment motion to have the case returned to the District Court's calendar. That document was filed on March 7,

2003. However, the record reveals that on April 1, 2003, the District Court re-entered its previous order to enforce the subpoena, noting that the subpoena had been enforced on March 13, 2003. Even if we were to consider Murtana's belated assertion that he intends to appeal the District Court's enforcement of the subpoena, we agree with the agency's position that Murtana's appeal is untimely, and the matter is beyond the scope of our review in this case. See Fed. R. App. P. 4(a)(1)(B). Moreover, we would also agree with the agency's observation that the issue is moot, given that (1) Murtana contends that he wanted the case returned to the District Court's calendar to comply with the subpoena before the enforcement order issued; and (2) the subpoena already has been enforced.

We now turn to the matter presented in Murtana's petition for review of the FMCSA's final order. Our scope of review is limited to determining whether the agency's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. See 5 U.S.C. § 706(2)(A); Sultan Chemists, Inc. v. EPA, 281 F.3d 73, 78-79 (3d Cir. 2002) (reviewing decision of the Environmental Appeals Board); Darrell Andrews Trucking, Inc. v. Federal Motor Carrier Safety Admin., 296 F.3d 1120, 1124 (D.C. Cir. 2002). The regulations governing the manner in which to reply to a Notice of Claim and to make a request for hearing are set forth at 49 C.F.R. § 386.14. The reply must be made within fifteen days after service. 49 C.F.R. § 386.14(a). Under section 386.14(b)(1), the reply must contain "an admission or denial of each allegation of the claim or notice and a concise statement of facts constituting each defense."

In this case, the Notice of Claim contains a six-page Statement of Charges, with a detailed factual basis for each individual charge within each regulatory violation. The agency's Notice of Claim contained information on how to respond, including instructions printed in all capital letters, that "a general denial does not meet the requirements of 49 CFR § 386.14(b). Unless a concise statement of facts constituting each defense is provided in your reply, a default may be entered against you." Appellee's Appendix Vol. II at 34 (emphasis deleted). Notwithstanding these instructions, Murtana's reply to the Notice of Claim merely states "all is denied in total" with respect to the listed violations, and, although he queries whether "factual errors" and his dispute regarding subpoena enforcement resulted in an erroneous Notice of Claim, he does not identify any factual errors in his reply. Id. at 29-30. We conclude that the agency's final order upholding the civil money penalty based on default was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. To the extent that Murtana argues that he adequately responded to the Notice of Claim in his request for review of the ALJ's decision, we agree with the agency's observation that the document was submitted to the agency in February 2004 at a later stage of the proceedings and is of no moment in evaluating the adequacy of Murtana's reply to the Notice of Claim. Similarly, Murtana's arguments relating to events subsequent to the May 10, 2003 filing of the reply to the Notice of Claim (for example, relating to his vacation in November 2003 and agency responses to his discovery requests in December 2003) have no bearing on the adequacy of the reply itself.

Upon consideration of the administrative record, as well as the arguments in the parties' briefs, we discern no reason to disturb the agency's final order. Accordingly, we will deny the petition for review.